J-S27017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KYLE DICKERSON | |
| Appellant | No. 1120 EDA 2014 |

Appeal from the PCRA Order entered February 24, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0002659-2010

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 20, 2015**

Appellant, Kyle Dickerson, appeals *pro se* from the February 24, 2014 order entered in the Court of Common Pleas of Lehigh County, denying as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Following review, we affirm.

On direct appeal, this Court adopted the trial court's comprehensive summary of evidence presented at the trial in this case.  ***Commonwealth v. Dickerson, K.***, 1073 EDA 2011, unpublished memorandum at 1-7 (Pa. Super. filed March 16, 2012).  For purposes of this appeal, it is sufficient to know that on January 21, 2011, a jury found Appellant guilty of first degree

_____

[*] Former Justice specially assigned to the Superior Court.

murder, robbery, burglary, theft by unlawful taking, receiving stolen property, and criminal conspiracy to commit robbery,[1] all stemming from events that occurred in the early morning hours of March 15, 2010. On February 23, 2011, the trial court sentenced Appellant to a term of life imprisonment without possibility of parole for the murder conviction and an aggregate consecutive sentence for the remaining convictions. The trial court denied Appellant's post-sentence motions on March 17, 2011.

Appellant filed a direct appeal to this Court raising sufficiency and weight of the evidence issues and alleging error for denying a pre-trial motion to exclude expert fingerprint testimony and schedule a **Frye** hearing.[2] This Court affirmed Appellant's judgment of sentence on March 16, 2012. No petition for allowance of appeal was filed and Appellant's judgment of sentence became final on April 15, 2012.

Appellant filed a *pro se* PCRA petition on October 18, 2013. The PCRA court appointed counsel who filed a **Finley**[3] no-merit letter after reviewing the file and corresponding with Appellant. In the no-merit letter, counsel explained that Appellant failed to allege or prove any exception to the PCRA timeliness requirement. The PCRA court granted counsel's request to

---

[1] 18 Pa.C.S.A. §§ 2502(a), 3701, 3502, 3921, 3925 and 903, respectively.

[2] **Frye v. United States**, 293 F. 1013 (D.C. Cir. 1923).

[3] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

withdraw and Appellant proceeded *pro se* from that point. The PCRA court conducted a hearing on February 19, 2014, during which Appellant testified as did Steven Mills and Matthew Potts, the two lawyers who represented Appellant at trial and on direct appeal. Appellant cross-examined both attorneys. On February 24, 2014, the PCRA court dismissed Appellant's petition as untimely, noting Appellant failed to prove a timeliness exception. This timely *pro se* appeal followed.

Appellant presents one issue for our consideration:

Did the PCRA court error [*sic*] by denying Appellant's first PCRA petition as untimely by unreasonably applying the due diligence standard to an incarcerated indigent defendant who was abandoned by appellate counsel on direct appeal[?]

Appellant's Brief at 4.

As this Court recently explained:

In PCRA appeals, our scope of review "is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Sam**, 597 Pa. 523, 952 A.2d 565, 573 (2008) (internal quotation omitted). Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875, 878 (2009). We defer to the PCRA court's factual findings and credibility determinations supported by the record. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). In contrast, we review the PCRA court's legal conclusions *de novo*. **Id.**

**Commonwealth v. Reyes-Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015 (*en banc*).

The PCRA court made the following factual findings:

- 3 -

[Appellant] presented to this [c]ourt a letter authored by his trial counsel on March 23, 2012, informing [Appellant] of the Superior Court's denial of his appeal and advising [Appellant] that the only procedural remedy available to him was to file a Petition for Allocatur to the Supreme Court of Pennsylvania. Trial counsel ended the letter by requesting [Appellant's] input in this matter.[4] Additionally, [Appellant] then presented to this [c]ourt an unauthenticated, purported handwritten letter by [Appellant] dated March 25, 2012, in which he requests that his trial counsel file a Petition for Allocatur with the Supreme Court of Pennsylvania.[5] This [c]ourt takes exception to this letter, as

_____

[4] The text of the March 23, 2012 letter from trial counsel to Appellant reads as follows:

Dear Kyle:

Enclosed you will find a copy of the Superior Court Opinion denying your Appeal. It was filed with the Superior Court of Pennsylvania on March 16, 2012. Also I am in receipt of your last correspondence. You said you are in the process of getting Affidavits together regarding witnesses who are changing their testimony. If that is in fact true, please let me know. The only procedural remedy you have now would be to Petition for Allocatur to the Supreme Court of Pennsylvania and me [sic] and Matt are both in agreement that they would not grant it. Please let us know your thoughts on the matter.

If you have any questions or concerns, please do hesitate to write to me.

Very truly yours,
/s/ Steve Mills
Steven R. Mills, Esquire

Notes of Testimony, PCRA Hearing, 2/19/14, Exhibit D-1.

[5] The handwritten letter from Appellant bearing the date March 25, 2012, reads verbatim as follows:

Mr. Steven R. Mills,

I'm writing in regards to your last correspondence. Like I told you in my previous letters I am in possession of a affidaviat from a witness who wishes to recant his/her testimony. So please inform me of what I should do with this newly discovered

*(Footnote Continued Next Page)*

common sense suggests that it was fabricated by [Appellant] solely for the purpose of this hearing. First, this [c]ourt notes the dates on the correspondence. This [c]ourt finds it highly improbable that [Appellant] received at state prison a letter dated and mailed on March 23, 2012, and had time to respond to same on March 25, 2012. Quite frankly, this is actually inconceivable to the [c]ourt. In addition, [Appellant] failed to present this [c]ourt with any proof of mailing. Also, defense counsel Steven Mills and Matthew Potts both testified that they never received [Appellant's] alleged correspondence of March 25, 2012. Furthermore, even [Appellant] admitted that Attorney Mills always wrote back to [Appellant] upon receipt of any correspondence from him. Attorney Mills did not respond to the phantom letter. Finally, [Appellant] did not present this letter of March 25, 2102, to [PCRA counsel Charles] Banta when he was asked to furnish Attorney Banta with evidence of an exception to the timeliness requirement.

Nevertheless, even assuming, *arguendo*, that the letter is legitimate, this [c]ourt finds that [Appellant] did not exercise due diligence in pursuing or perfecting his appeal to the Supreme Court of Pennsylvania. In fact, [Appellant] did nothing for approximately 18 months with regard to his case. A review of the file of the Clerk of Courts – Criminal Division reveals three (3) letters written by [Appellant] to the Clerk of Courts. The first letter was dated February 22, 2012, in which [Appellant]

*(Footnote Continued)* —————————————

evidence. Also I've been writing you and Mr. Potts about the status of my appeals. I still haven't received my brief from my direct let alone the brief for the Superior or the Supreme. In your letter you said that the only remedy I have left is Allocatur to the Supreme. I don't know specifically what that is but please file it anyway. I want to exaust any and every remedy at my disposal. I don't know what issues you and or Matt raised on my appeal but I have my own findings that I wish to include and so I ask that you and or Matt start to contact me so that my appeals be done sufficiently and collectively.

Thank you for your time.

Truly,
/s/ Kyle C. Dickerson

Notes of Testimony, PCRA Hearing, 2/19/14, Exhibit D-2.

inquired as to the status of his Superior Court appeal. In response to his inquiry, the Clerk of Courts sent to [Appellant] a copy of the docket for his matter. Then, one year and five months later, on August 8, 2013, [Appellant] inquired of the Clerk of Courts the status of his appeal to the Supreme Court of Pennsylvania. Three weeks later, on August 29, 2013, [Appellant] again wrote to the Clerk of Courts inquiring about an appeal to the Supreme Court of Pennsylvania. This [c]ourt finds that [Appellant's] lack of action for approximately one year and five months belies the fact that he *never* requested his counsel to file a Petition for Allocatur, as well as demonstrates a complete lack of due diligence. Consequently, [Appellant] has failed to carry his burden.

PCRA Court Opinion, 2/24/14, at 3-4 n.8 (references to exhibits omitted) (emphasis in original).

Our review leads us to conclude that the PCRA court's factual findings and credibility determinations are supported by the record. Therefore, we defer to them. **Reyes-Rodriguez**, 111 A.3d at 779 (citing **Henkel**, 90 A.3d at 20). As for the legal determinations, we shall review them *de novo*. **Id.**

This Court recently reiterated:

As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, **a petition must allege and the petitioner must prove:**

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa–Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

*Commonwealth v. Brown*, 111 A.3d 171, 175-76 (Pa. Super. 2015) (emphasis in original).

Appellant's judgment became final on April 15, 2012, thirty days after this Court affirmed his judgment of sentence and the date on which his time expired for seeking discretionary review in our Supreme Court. Therefore, Appellant was required to file his PCRA petition on or before April 15, 2013. His PCRA petition filed on October 18, 2013 was untimely on its face so we must ascertain whether any § 9545(b)(1) exception applies. Appellant has

not alleged the applicability of either § 9545(b)(1)(i) or (iii).  Therefore, our review is focused on whether he can successfully rely on § 9545(b)(1)(ii) to overcome the PCRA's time limitations.

In **Brown**, this court considered an appellant's contention that § 9545(b)(1)(ii) overcame the PCRA's time limitations.  The Court explained:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007).  Due diligence demands that the petitioner take reasonable steps to protect his own interests.  **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001).  A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence.  **Commonwealth v. Breakiron**, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011).  This rule is strictly enforced.  **Id.**

**Id.** at 176.

Unlike **Brown**, in which appellant advanced an argument based on "after-discovered evidence," Appellant here argues simply that, despite his due diligence, he was unaware his counsel did not petition our Supreme Court for *allocatur*.  Appellant suggests "a court should look to the circumstances surrounding a defendant[']s circumstances to inquire whether or not more could have been done to discover whatever proffer is being presented."  Appellant's Brief at 8.  He explains his own circumstances as having been and presently being incarcerated and, as such, "by law an indigent litigant."  **Id.**  He contends telephone calls to attorneys are

prohibited at SCI Smithfield, where he is incarcerated, and his mother was unable to assist him because she was ill. *Id.* at 10. He asserts he alerted the courts when he became aware his counsel abandoned him. *Id.*

As explained in *Brown*, it is incumbent on Appellant to demonstrate he took reasonable steps to protect his own interests and to explain why he could not have learned sooner, with the exercise of due diligence, that his counsel did not file a petition for allocatur. *See Brown*, 111 A.3d at 176. Appellant has not done so.

The record reflects that Appellant wrote to the clerk of courts in February of 2012, inquiring about the status of his direct appeal. The clerk responded by sending a copy of the docket sheet to Appellant. As of February 2012, Appellant's direct appeal was still pending before this Court. This Court's decision affirming Appellant's judgment of sentence was filed on March 16, 2012. A week later, Appellant's counsel wrote to Appellant, advising him of this Court's decision and the sole remaining procedural remedy of filing a petition for allocatur, an option counsel predicted to be unsuccessful. *See* n.4, *supra.* Despite the invitation to share his thoughts with counsel, Appellant did not take any action until August 2013 when he again wrote to the clerk of courts, inquiring into the status of his appeals.[6]

_____

[6] Despite Appellant's claim at the PCRA hearing that he wrote a letter to counsel on March 25, 2012, *see* n.5, Appellant does not repeat that assertion in his brief filed with this Court. We note the PCRA court rejected
*(Footnote Continued Next Page)*

In what can be viewed as a continued show of gamesmanship, Appellant concludes the argument section of his brief filed with this Court by asking, "After all, did counsel know if Appellant actually received the letter informing him of the results of the appeal?"  Appellant's Brief at 12.  While perhaps intended as a rhetorical question to this Court, Appellant ignores his representation under oath to the PCRA court that he wrote his March 25, 2012 letter in response to counsel's March 23, 2012 letter.  *See* Notes of Testimony, 2/19/14, at 11-12 and Exhibit D-1 (**see** n.5, **supra**).

By virtue of his February 2012 inquiry to the clerk of courts, Appellant demonstrated his ability to inquire about the status of his appeal.  He ignored the invitation from counsel to provide his thoughts following this Court's affirmance of his judgment of sentence and failed to produce any evidence of a request that they file a petition for allocatur.  When appointed PCRA counsel asked Appellant for information to support an exception to the PCRA's one-year time bar, Appellant "failed to give [PCRA counsel] any basis for pursuing one of the exceptions."  Petition to Withdraw as Counsel, 12/16/13, Exhibit A at 1-2.

Appellant contends he was abandoned by his trial counsel, counsel who represented him from his preliminary hearing through the conclusion of his direct appeal, and who invited input from him on proceeding beyond this

(Footnote Continued) _____

the March 25, 2012 letter as fabricated for purposes of the PCRA hearing. PCRA Court Opinion, 2/24/14, at n. 8.

Court's ruling. When reviewing this record to determine whether Appellant exercised due diligence to excuse an untimely PCRA petition, we conclude it was Appellant, not counsel, who abandoned his efforts both to pursue allocatur and, more importantly for purposes of this appeal, a timely claim for PCRA relief. Because Appellant did not exercise due diligence, he is not entitled to an exception to the PCRA's timeliness requirements.

Appellant's PCRA petition was untimely on its face and he has failed to prove an exception to the PCRA's time bar. Therefore, we affirm the PCRA court's order dismissing Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2015